UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL W. DALLUGE,<br><br>                    Petitioner,<br><br>     vs.<br><br>ROB McKENNA,<br><br>                    Respondent. | NO.  CV-07-80-FVS<br><br>ORDER DISMISSING PETITION |

BEFORE THE COURT is Petitioner's Response (Ct. Rec. 8) to the Order to Show Cause why this action should not be dismissed under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (Ct. Rec. 6).  Petitioner asserts, based on a state created liberty interest, his due process rights were violated when he was sanctioned with the loss of "regular food" and visitation for two days in May 2006.

Contrary to Petitioner's assertion, the United States Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), determined a district court must focus on the nature of the deprivation imposed, rather than the wording of state directives, when determining whether an inmate is entitled to procedural due process protections.  To invoke such protections a prison restraint must impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison

ORDER DISMISSING PETITION -- 1

life." *Sandin*, at 483-84. As stated in *Meachum v. Fano*, 427 U.S. 215 (1976), the Due Process Clause does not protect every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners. *Meachum,* at 224. Based on the analysis in *Sandin v. Conner*, the sanction imposed upon Plaintiff, the loss of "regular food" and visitation for two days, is insufficient to invoke procedural due process protections.

Again, Petitioner has presented no facts from which the court could infer this action is appropriate under 28 U.S.C. § 2254. He does not challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Accordingly, **IT IS ORDERED** the Petition is **DISMISSED** with prejudice under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, as Mr. Dalluge is not entitled to the relief he seeks.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward copies to Petitioner and close the file.

**DATED** this   6th   day of June 2007.

>   s/ Fred Van Sickle
>   FRED VAN SICKLE
>   UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION -- 2