1

2

3

4

5

6

                    UNITED STATES DISTRICT COURT

7
                    EASTERN DISTRICT OF WASHINGTON

8    AMEL W. DALLUGE,

9                   Petitioner,          NO.  CV-07-80-FVS

10        vs.                            ORDER DENYING MOTION FOR
                                         RECONSIDERATION
11   ROB McKENNA,

12                  Respondent.

13

        BEFORE THE COURT is Petitioner's "Rule 60. Motion" which has been
14
liberally construed as a Motion for Reconsideration (Ct. Rec. 13).
15
Petitioner is proceeding *pro se* and *in forma pauperis;* Respondent has
16
not been served.  Petitioner did not note his motion for hearing as
17
required by LR 7.1(h), Local Rules for the Eastern District of
18
Washington.  Because Petitioner is proceeding *pro se*, the court has
19
noted his motion for him on the date signed below.
20
        Motions for reconsideration serve a limited function. "'[T]he
21
major grounds that justify reconsideration involve an intervening
22
change of controlling law, the availability of new evidence, or the
23
need to correct a clear error or prevent manifest injustice.'" *Pyramid*
24
*Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).
25
Such motions are not the proper vehicle for offering evidence or
26
theories of law that were available to the party at the time of the
27

28   ORDER DENYING MOTION FOR RECONSIDERATION -- 1

1  initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307,

2  309 (W.D. Wash. 1987).

3      In the instant case, Petitioner has not alleged that there has

4  been an intervening change of controlling law.  Likewise, he has not

5  offered newly discovered evidence that would justify this court taking

6  a second look at the issue in question.  Thus, the only remaining

7  question is whether the court should alter its prior ruling in order

8  to "correct a clear error or prevent manifest injustice." *Pyramid*

9  *Lake*, 882 F.2d at 369 n.5.  Petitioner's citation to a ruling

10 regarding his state Personal Restraint Petition has no bearing on this

11 court's dismissal of his habeas corpus petition as he failed to

12 challenge the fact or duration of his confinement.  *See Preiser v.*

13 *Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S.

14 477, 481 (1994).  Accordingly, **IT IS ORDERED** that Plaintiff's Motion

15 for Reconsideration (Ct. Rec. 13) is **DENIED.**

16     **IT IS SO ORDERED.**  The District Court Executive is directed to

17 enter this Order, forward a copy to  Petitioner and close the file.

18     **DATED** this____2nd_____day of October 2007.

19

20                          s/ Fred Van Sickle
                      _____
21                          FRED VAN SICKLE
                      UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28 ORDER DENYING MOTION FOR RECONSIDERATION -- 2